IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Precision Franchising LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv4 (AJT/TRJ) |
| ) | |
| Cary Lene-Tarango, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for a default judgment (no. 9) and defendant Cary Lene-Tarango's ("Tarango") motion to dismiss (no. 13). Process for Tarango and defendant Lene Corp. was served by personal service on January 10, 2011 (nos. 5, 6). Neither defendant filed an answer or other response to the complaint. The Clerk entered default as to both defendants on February 11, 2011 (no. 8). Plaintiff filed its motion for default judgment on March 3, 2011 and noticed it for hearing on March 25, 2011. On March 23, 2011, the court ordered (no. 12) that a letter received by the court from Tarango be treated as a motion to dismiss and set a hearing for March 25, 2011. Upon consideration of the motions, the memoranda and exhibits in support thereof, and the oppositions thereto, the magistrate judge makes findings as follows and recommends that (a) Tarango's motion to dismiss be denied and (b) default judgment be entered in plaintiff's favor against defendant Lene Corp.

### Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as the suit arises under the Lanham Act, 15 U.S.C. §§ 1057 *et seq*. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this suit occurred in this district.

### Factual Background

Plaintiff Precision Franchising LLC is a Virginia limited liability company with a principal place of business in Virgina. Compl. ¶ 1. Defendant Tarango is a citizen of Minnesota. Compl. ¶ 2. Defendant Lene Corp. is a Minnesota corporation with a principal place of business in Minnesota. Compl. ¶ 3. Lene Corp. is wholly owned by Tarango. Pl.'s Mem. in Supp. of Mot. for Def. J. 2.

Plaintiff is the licensor of an automotive service system and the owner of several associated marks and logos. Compl. ¶¶ 7-9. Plaintiff permits licensees of its automotive service system to use the associated marks and logos, as well as methods and procedures plaintiff has developed. Compl. ¶ 7.

Plaintiff had entered into a franchise agreement with a corporation, Motorscope, Inc. ("Motorscope"), that governed Motorscope's operation of an automotive service center using plaintiff's marks and methods. Compl. ¶ 13; Pl.'s Mem. in Supp. of Mot. for Def. J. 1, 4-5. Lene Corp. attempted to purchase Motorscope's franchise and assume its duties under its franchise agreement with plaintiff. Compl. ¶ 13; Pl.'s Mem. in Supp. of Mot. for Def. J. 4-5. In connection with that effort, Lene Corp. submitted to plaintiff an application to become a franchisee and assume the obligations of Motorscope's franchise agreement. Pl.'s Mot. in Supp. of Mot. for Def. J. 5. Plaintiff denied the application of Lene Corp. after finding that Lene Corp. did not have a financially sound balance sheet. Compl. ¶¶ 15-16; Pl.'s Mem. in Supp. of Mot.

for Def. J. 5.

Despite the denial, Lene Corp. operated the service center as if it were the franchisee, using plaintiff's marks and methods in doing so, beginning in April 2010. Compl. ¶ 13; Pl.'s Mem. in Supp. of Mot. for Def. J. 5. In August 2010, Tarango accessed plaintiff's proprietary database, which is maintained in Virginia, to place an order for static stickers that are placed on customers' windshields to remind them of their next service date. Decl. of Lynn Massingill (no. 10-2) ¶ 3. Tarango followed up on his order by an email in September 2010 to plaintiff's employee, also located in Virginia, in which he identified the purchaser as a franchisee.[1] Decl. of Lynn Massingill ¶¶ 2-3. In November 2010, an investigator retained by plaintiff visited the service center and asked to speak with the owner. Decl. of John Locke (no. 10-4) ¶ 4. Tarango identified himself as the owner, stated that he had been the owner since April 2010, and provided the investigator with a business card identifying Tarango as the owner and manager of the service center. Decl. of John Locke ¶ 4. In December 2010, Tarango identified himself over the telephone as the owner of the service center to plaintiff's employee. Decl. of Laura Titus (no. 10-3) ¶ 4.

For the period of April 2010 to November 2010, Motorscope reported to plaintiff that the gross revenues for the service center were $247,308.14. Pl.'s Mem. in Supp. of Mot. for Def. J. 6. Over the same period, Motorscope remitted to plaintiff $15,534.04 in operating fees and $3,533.78 in advertising fees that were associated with the service center. Pl.'s Mem. in Supp. of Mot. for Def. J. 6. Motorscope has now assured plaintiff that defendants are not using plaintiff's

---

[1] It is unclear from the declaration whom Tarango identified as the purchaser, but the context suggests that he was placing the order on behalf of himself or Lene Corp., and the magistrate judge accordingly infers that Tarango identified either himself or Lene Corp. as a franchisee of plaintiff.

marks and methods, i.e., they are not operating the service center as a franchisee. Pl.'s Mem. in Supp. of Mot. for Def. J. 13 n.1.

### Defendant Tarango's Motion to Dismiss

In his letter docketed as a motion to dismiss, Tarango argues that this court does not have personal jurisdiction over him. Reduced to its essence, plaintiff's complaint alleges that defendants used plaintiff's trademarks and trade secrets without authorization, and that as part of those actions, Tarango accessed plaintiff's database that is maintained in Virginia and followed up by email with plaintiff's employee, also located in Virginia. Tarango does not dispute the allegations regarding electronic contacts. The magistrate judge accordingly finds that plaintiff has alleged facts sufficient to confer personal jurisdiction over Tarango under Va. Code § 8.01-328.1(A)(3),[2] and recommends that Tarango's motion to dismiss be denied.

### Plaintiff's Motion for Default Judgment

Plaintiff moved for default judgment against both defendants, but at the hearing held on April 15, 2011, plaintiff's counsel accepted Tarango's letter as a response and indicated that plaintiff accordingly would not pursue default judgment against Tarango at this time. The magistrate judge therefore now treats plaintiff's motion as seeking default judgment against Lene Corp. only.

### Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time

---

[2] Given that Tarango engaged in these contacts while acting on behalf of Lene Corp., this finding also operates to find personal jurisdiction over Lene Corp. under Va. Code § 8.01-328.1(A)(3).

frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

## Analysis

By defaulting, a defendant is deemed to have admitted all of the plaintiff's well-pled allegations of fact, which then form the basis for judgment against the defendant. Plaintiff has provided an appropriate basis for judgment through its well-pled allegations of defendant Lene Corp.'s unauthorized use of plaintiff's trademarks and business methods.

## Discussion and Findings

The magistrate judge makes the following findings:

First, the magistrate judge finds that plaintiff owns valid, protectible trademarks and maintains as trade secrets the business procedures and methods at issue. Second, the magistrate judge finds that at no time was Lene Corp. a franchisee of plaintiff, and thus, it was not authorized to use plaintiff's marks and methods. Third, the magistrate judge finds that Lene Corp. used plaintiff's marks and methods in operating an automotive service center. Fourth, the magistrate judge accordingly finds that Lene Corp.'s conduct constitutes trademark infringement and unfair competition under the Lanham Act. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006) (trademark infringement and Lanham Act claims require showing of valid, protectible trademark) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995)); *Motor City Bagels, L.L.C. v. Am. Bagel Co.*, 50 F. Supp. 2d 460, 485 (D. Md. 1999) (continued use of marks after termination of franchise constitutes infringement and unfair competition) (internal citations omitted).

Fifth, the magistrate judge finds, based on Motorscope's representation to plaintiff that defendants are no longer using plaintiff's marks and methods without authorization, entry of an

injunction enjoining Lene Corp. from using plaintiff's marks and methods is unwarranted. Plaintiff's memorandum in support of its motion for default judgment suggests that plaintiff is satisfied with Motorscope's assurances, and there is no showing in the record that Lene Corp. is likely to resume infringing activities without the involvement of Motorscope.  Accordingly, there is no basis for entry of an injunction.  *See Motor City Bagels*, 50 F. Supp. 2d at 486-87 (injunction inappropriate where no threat of future harm) (internal citations omitted).

Sixth, the magistrate judge finds that plaintiff is entitled to damages.  As the Fourth Circuit has articulated, the court must weigh equitable factors in determining whether to award damages, and those factors include:

> (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

*Synergistic*, 470 F.3d at 175 (internal citations and quotation marks omitted).  The magistrate judge finds that Lene Corp. intended to deceive the public that it was providing services that were authorized by plaintiff, when Lene Corp. was in fact not doing so and knew that it had no authorization from plaintiff.  The magistrate judge finds that there is insufficient evidence in the record to find that plaintiff has lost sales as a result of Lene Corp.'s actions.  The magistrate judge finds that other remedies are inadequate to compensate plaintiff, and as discussed *supra*, plaintiff is not entitled to an injunction.  The magistrate judge finds that plaintiff did not unreasonably delay in asserting its rights, as it filed the complaint within months of investigating Lene Corp.'s actions.  The magistrate judge finds that there is a public interest in ensuring the authenticity of the services in issue.  Finally, the magistrate judge finds that this is not a case of palming off.  The record indicates that Lene Corp. provided genuine, if unauthorized, services

and products, even going so far as to order supplies from plaintiff.  In light of those factors, the magistrate judge finds that the equities weigh in favor of an award of damages.

Seventh, the magistrate judge finds that the damages to which plaintiff is entitled are equal to Lene Corp.'s profits earned during the period it operated the service center and plaintiff's costs in bringing this action.  Pursuant to 15 U.S.C. § 1117(a), the measure of damages in a trademark infringement action is "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."

As an initial matter, the magistrate judge finds that any damages sustained by plaintiff are nominal.  Plaintiff's pleadings reflect that Motorscope paid all operating and franchise fees associated with operation of the service center that were owed to plaintiff for the time period in issue.  Thus, plaintiff has not suffered any loss of profits related to franchise fees during the period of infringement.  *See McDonald's Corp. v. Do*, No. Civ. A. 00-1592-A, 2001 WL 34042640, at *3 (E.D. Va. April 30, 2001) (Brinkema, J.) (delinquent franchise fees provide appropriate measure of damages).  As discussed *supra*, there is insufficient evidence in the record to find that plaintiff has lost sales as a result of Lene Corp.'s actions, and there is accordingly no basis to find damages due to lost sales.  Thus, there is no basis for awarding damages based on actual harm suffered by plaintiff.

The profits earned by Lene Corp., however, do provide an appropriate basis for damages.  Plaintiff urges that the relevant amount is $228,240.32, which represents the gross revenues for the service center for the period of infringement that Motorscope reported to plaintiff, less operating and advertising fees.  As support for its contention, plaintiff cites 15 U.S.C. § 1117(a), which states, "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  The statute continues, though,

and states:

> If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum . . . shall constitute compensation and not a penalty.

15 U.S.C. § 1117(a); *see also Motor City Bagels*, 50 F. Supp. 2d at 487 ("[D]istrict courts have 'a great deal of discretion . . . in fashioning a remedy' under [15 U.S.C. § 1117(a)].") (quoting *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 149-50 (4th Cir. 1998)). The magistrate judge finds that an award of damages based on gross revenues less operating and franchise fees both would be excessive and would constitute a penalty rather than compensation. Accordingly, the magistrate judge finds that it is appropriate to order an accounting of Lene Corp.'s profits for the period of infringement, and that those profits provide the basis for damages to plaintiff.

Plaintiff's costs of bringing this action also provide an appropriate basis for damages pursuant to 15 U.S.C. § 1117(a). Thus, the appropriate damages to be assessed are the sum of Lene Corp.'s profits and plaintiff's costs.

Eighth, the magistrate judge finds that the damages owed to plaintiff should not be trebled. 15 U.S.C. § 1117(a) permits the court to "enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." In deciding whether to treble damages, courts look to the conduct of the defendant for evidence of bad faith. *Motor City Bagels*, 50 F. Supp. 2d at 488; *see also McDonald's Corp.*, 2001 WL 34042640, at *4 (comparing cases where franchisees deliberately continued using marks after termination of franchise with case where franchisee genuinely believed he was complying with his rights and responsibilities). The record shows that Lene Corp. attempted to purchase a franchise that it then operated using plaintiff's methods and

products in a manner identical to that of an authorized franchisee.  Lene Corp.'s attempted purchase failed only because of concerns plaintiff had with Lene Corp.'s balance sheet, not with the manner in which Lene Corp. would operate the service center.  The magistrate judge finds that this does not rise to the level of bad faith, and that treble damages are accordingly unwarranted.

Ninth, the magistrate judge finds that plaintiff is also not entitled to attorneys' fees.  15 U.S.C. § 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  The appropriate inquiry with regard to the award of attorneys' fees is essentially the same as that for the trebling of damages.  *See Motor City Bagels*, 50 F. Supp. 2d at 488.  As discussed *supra*, the magistrate judge finds that this case does not involve bad faith, and it is accordingly not so "exceptional" as to warrant the award of attorneys' fees.

## Recommendation

The magistrate judge recommends that defendant Tarango's motion to dismiss be denied and that he be ordered to file an answer to plaintiff's complaint.  The magistrate judge also recommends that default judgment be entered against defendant Lene Corp. The magistrate judge recommends that Lene Corp. be ordered to provide an accounting of its profits, and that plaintiff be awarded the sum of those profits and plaintiff's costs of bringing this action.  The magistrate judge further recommends that Lene Corp. not be ordered to pay plaintiff's attorneys' fees associated with bringing this action.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their addresses for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within fourteen (14) days of

service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

June 15, 2011
Alexandria, Virginia